476

## MOORE v. GUY et al.
### No. 8033.

United States Court of Appeals for the District of Columbia.

Argued April 14, 1943.

Decided May 3, 1943.

Mr. Thurman L. Dodson, of Washington, D. C., for appellant.

Mr. Jacob N. Halper, of Washington, D. C., with whom Mr. Jack Politz of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER, and VINSON, Associate Justices.

PER CURIAM.

This is a suit to impress an express trust on certain real estate in the District of Columbia. A short statement of the facts follows:

Appellant, who is a lawyer, was married in 1917. At some time prior to 1934 his wife purchased the property known as 1901 18th Street, Northwest, in the City of Washington. He contributed approximately one-third of the purchase price. In July of 1934 she became ill and it was apparent that her death would shortly follow. Appellant, realizing this, drew deeds to certain other properties which apparently he had paid for, but title to which had been taken in his wife's name. At the same time he drew a deed conveying the 18th Street property to himself and to appellees Nathaniel L. Guy and Rebecca F. Colen (her brother and sister) jointly. At his request his wife signed and acknowledged these conveyances. The deeds to the properties purchased with appellant's money were delivered to him and subsequently recorded and are not involved in this controversy. But the deed to the 18th Street property, the trial court found, was never delivered, and control thereof was retained by the wife until October 15, 1934. On that day, having destroyed the deed, she made a will devising the 18th Street property to Rebecca F. Colen and Nathaniel L. Guy as joint tenants. Appellant was named as residuary legatee and devisee in the will. Approximately two weeks before her death the wife wrote a letter to appellant, which she arranged should be delivered after her death. Appellant received the letter on the day of her death. It reads as follows:

"January 30, 1935

"Dear Zeph:

"I am writing this letter to inform you that I tore up and destroyed the deed I had

you make for 1901 18th St., for the reason that after submitting the deed to the examination of two title lawyers I was informed that, that deed was incorrectly drawn and would cause a great deal of trouble after my death.

"They also informed me that any deed or will in which you may be a party will (if it involves real estate) cause trouble.

"I have, therefore, tried to provide for your sharing in all the rights and privileges, profits, and obligations in connection with this piece of property.

"I tore up the deed in the presence of Miss Janie Page and Miss Zeta Dyson.

"Please believe me I have tried to be fair, may be, a little more than fair. Nat, and Beckie will deal fairly by you, and I hope all three of you will get along amicably.

"Do the best you can, and sell, and enjoy the little I have been able to accumulate and which I now gladly and lovingly pass on to the three of you.

"Your wife,
(Signed) "Rachel G. Moore."

Appellant's position in the court below and here is that this letter constitutes a declaration of trust giving him a beneficial interest in and to one-third of the property. The very able trial judge who heard the case below rejected this contention, and we think correctly.

■ 1st. The applicable section of the Statute of Frauds (D.C.Code 1940, § 12—303) provides: "All declarations or creations of trust or confidence of any lands, tenements, or hereditaments shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust or by his last will in writing, or else they shall be utterly void and of none effect."

Undoubtedly the statute requires, not only that the writing be sufficient to establish the trust, but that it show precisely what the trust covers. The correct rule is stated by Pomeroy as follows: "* * * this requisite of certainty includes the subject matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of interests which they are to have, and the manner in which the trust is to be performed. If the language is so vague, general, or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail." 3 Pomeroy Eq.Jur., 4th Ed., § 1009.

So far as we know, similar statutes elsewhere have been universally construed in this way.

■ In the instant case the wife, owner of the property in question, at the husband's request, first executed a deed conveying to him a one-third interest therein, and then, having kept possession of the deed, destroyed it, simultaneously making a will in which she devised the property to her brother and sister "as joint tenants, with right of survivorship, and to the survivor of them, and to his, or her, heirs and assigns forever." Still later, as she became conscious of the imminence of death, she explained her action to her husband in the letter which is copied above. This letter, we agree with the trial court, instead of being an affirmative declaration of trust in favor of the husband, is merely explanatory of why no interest was given him. She tells her husband she is informed that any provision with reference to real estate, made for him by deed or will, will cause trouble. She adds to this the statement, "I have, therefore, tried to provide for your sharing in all the rights" to this property. How had she tried? Obviously, by devising the property absolutely to her brother and sister with the verbal admonition to them, as one of them testified, to permit appellant to make his home with them without contributing more than his equal share of the expenses of operation. She says "Nat, and Beckie will deal fairly by you, and I hope all three of you will get along amicably." Just this followed and continued for approximately five years, until appellant demanded the sale of the property and the payment to him of one-third of the proceeds.

We find nothing more than this in the language used. The final paragraph of the letter which counsel stresses—"Do the best you can, and sell, and enjoy the little I have been able to accumulate and which I now gladly and lovingly pass on to the three of you"—are neither words of present devise or transfer, nor words creating a definite interest in definite property. For it would be necessary to read into the paragraph something which does not appear to determine whether appellant was to have a one-third interest, and if he was, whether for life or in fee. In short, to give the letter the effect asked by appellant would be to revive the deed which the wife deliberately destroyed, and wholly to frustrate the will which superseded it, and to

478

accomplish this by indulging in entirely conjectural presumptions and inferences. A similar question to this arose in Tschiffely v. Tschiffely, 70 App.D.C. 386, 107 F.2d 191, and what we said in that case we refer to as conclusive of this question.

■ 2nd. The complaint in this case was written on the theory we have discussed. However, in the trial court and this court appellant has argued that the evidence warranted the conclusion that the deed which the wife later destroyed had been duly delivered to appellant and thereupon became binding and effective. But it is enough to say, as to this contention, that the trial court, as we have seen, held that there was no delivery and that the deed was intended to and did remain in the wife's possession and subject to her control. This finding, in the state of the evidence here, is binding on this court.

Affirmed.